# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ 07078-2713
(973) 218-2509
FAX (973) 218-2401

www.ssbb.com

E-Mail: rschoenstein@ssbb.com
Direct Dial: (212) 404-8707

April 29, 2015

*By ECF*

Hon. William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re:   *Rosa v. TCC Communications, Inc., et al.,*
      *No. 15-cv-01665 (WHP) (JCF)*

Dear Judge Pauley:

We represent Defendant TCC Wireless, Inc. ("TCC Wireless") in the above-referenced action and we write, pursuant to Your Honor's Individual Practices, to request a pre-motion conference in advance of an anticipated motion by TCC Wireless to dismiss the First Amended Complaint (the "Complaint") as against it, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This is a breach of contract action brought by Plaintiff Joseph Rosa ("Rosa" or "Plaintiff") under two written agreements that are attached to the Complaint, a "Partnership Agreement" (Complaint Exhibit 1) and a "Subscription Agreement" (Complaint Exhibit 2). Those agreements were apparently entered into between Plaintiff, on the one hand, and Defendants TCC Communications, Inc. ("TCC Communications") and Shaher Ismail ("Ismail"), on the other hand.

The Complaint also names as defendants TCC Wireless, along with TCC Holdco, Inc. ("Holdco") and Javed Malik ("Malik"). But TCC Wireless and TCC Holdco are not parties to either of the agreements at issue and attached to the Complaint. And while Malik is set forth as a party to the Subscription Agreement, he did not sign it and there are no allegations that he otherwise agreed to its terms.

Accordingly, TCC Wireless, TCC Holdco and Malik are not proper defendants to the First and Second Causes of Action, for breach of contract, the Third Cause of Action, for breach of the covenant of good faith and fair dealing allegedly implicated by those contracts, the Fourth Cause of Action, for a declaration of the parties' rights under the contracts, or the Seventh Cause of Action, for an accounting "concerning the business underlying both" contracts.

2179783_2

SATTERLEE STEPHENS BURKE & BURKE LLP

Hon. William H. Pauley
April 29, 2015
Page 2

The Fifth Cause of Action, for tortious interference, is asserted only against Defendant Ismail. Finally, the Sixth Cause of Action purports to assert claims under the New York Labor Law against "Defendants TCC," without distinguishing between TCC Communications, TCC Wireless or TCC Holdco, but fails to allege any facts establishing that either TCC Wireless or TCC Holdco employed Plaintiff. In fact, they did not do so at any time.

Even considering the totality of the allegations, the Complaint does nothing to connect TCC Wireless, TCC Holdco or Malik to contracts entered into between Plaintiff and the other Defendants. The truth of the matter is that TCC Wireless and TCC Communications are separate and distinct corporate entities, engaged in separate and distinct businesses. TCC Wireless sells wireless communications services on a "postpaid" basis, whereas TCC Communications sells such services on a "prepaid" basis. In the telecommunications industry, postpaid and prepaid services are generally independent, with separate sales channels and operations. Plaintiff cannot link the businesses and offers nothing to do so.

Instead, for the most part the Complaint refers to "TCC" and/or "defendants" in the collective, lumping together three distinct corporations without alleging any reason to do so. While the Complaint asserts that Plaintiff was given an interest in the "retail store business" of TCC Wireless (Complaint ¶¶ 8, 30, 38), the Partnership Agreement attached does not mention TCC Wireless, much less purport to give Plaintiff any interest in that entity.

Simply put, the Complaint fails to identify any specific act of wrongdoing allegedly committed by TCC Wireless and, accordingly, fails to state a cognizable claim against TCC Wireless. As a result, TCC Wireless seeks the dismissal of all claims against it. We understand that defendants TCC Holdco and Malik will similarly seek dismissal of the claims against them.

This action is currently scheduled for an Initial Pretrial Conference on May 21, 2015. TCC Wireless is prepared to promptly bring and brief its motion should the Court grant leave to do so, or to address the matter before the Court at its convenience.

We appreciate the Court's attention to this matter and are available to answer any questions Your Honor may have.

Respectfully submitted,

Richard C. Schoenstein

cc:   Anthony Paduano, Esq. (by email)
      All Counsel of Record (by ECF)

2179783_2