# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

May 6, 2015

**VIA MAIL AND ECF**

Hon. William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, N.Y. 10007-1312

      Re:    Joseph Rosa v. Shaher Ismail, et al.
               Civil Case No. 15-CV-1665

Dear Judge Pauley:

      This office represents the plaintiff in the above matter. Defendants TCC Wireless, TCC Holdco, and Javed Malik chose not to move for a more definite statement under the Rules (FRCP Rule 12[e]), but instead seek complete dismissal of the first amended complaint. I write in opposition to this request.

      Counsel for defendants do not challenge the substance of the complaint only that the first amended complaint alleges insufficient facts to tie their respective clients to the breach of contract.

      Plaintiff expects to prove that defendant Ismail treated the closely-held corporate entities in this case interchangeably.[1] If necessary, plaintiff can amend the complaint to allege the circumstances under which defendant Ismail took the corporate assets that were involved in the March 20, 2011 contract between TCC Communications, Ismail, and plaintiff Rosa, and diverted them to defendants TCC Wireless and TCC Holdco. Defendant Ismail ultimately consolidated and, or merged TCC Wireless with TCC Holdco.[2]

---

[1] TCC Wireless and TCC Communications used the same office as its principal place of business. They used the same employees, email addresses, and TCC Communications used its financial records to secure the leases for the T-Mobile retail stores that form the basis for much of the proceeds in dispute in this case.

[2] According to the Illinois Division of Corporation's database, TCC Wireless, Inc. "Merged or Consolidated" on or about December 29, 2014, and TCC Wireless's President is defendant Javed Malik.

TCC Holdco, is a corporation, which upon information and belief, was formed to consolidate the retail store corporate assets of TCC Wireless and TCC Communications in order to facilitate the sale of these assets to an unconfirmed third party buyer.[3] This sale was consummated in or about January 2015. According to the Illinois Division of Corporation's database, TCC Holdco was qualified to conduct business in the State of Illinois on or about December 10, 2014, approximately one month before the sale of the business. The President of TCC Holdco is defendant Javed Malik, and TCC Holdco's Secretary is defendant Shaher Ismail.

Notwithstanding fundamental principles of successor liability, TCC Holdco and TCC Wireless's assets, which were sold in or about January 2015, was the business generated by the T-Mobile retail stores that plaintiff had an equity interest in. TCC Wireless and TCC Holdco's business is the same continuing enterprise as the one that entered into binding agreements with plaintiff on two separate occasions, i.e. TCC Communications. TCC Communications contracted with T-Mobile to provide cellular services to the public. In order to become a T-Mobile business partner TCC Communications went through a significant vetting process to establish their bona fides. Plaintiff Rosa's experience, as detailed in the first amended complaint, led to the defendants establishing their successful relationship with T-Mobile.

T-Mobile would not permit the sale of the TCC Communications retail store business to an untested/unqualified third party, and for this reason, defendant Ismail created TCC Holdco to consolidate the retail store assets, and sold them, upon information and belief, without T-Mobile's knowledge. In addition, defendant Malik remains, on paper at least, the president of TCC Wireless and TCC Holdco, so as far as T-Mobile is concerned the same people are continuing to run the retail stores despite a complete sale of all the assets to a third party.

Defendant Malik is a necessary party. According to defendant Ismail, he (Malik) was a 30% shareholder in TCC Communications. As such, his interest in this matter must be identified as it defines the parties' respective financial obligations under the relevant contracts.

Notwithstanding the fact that defendant Malik's signature does not appear on one of the contracts exhibited with the first amended complaint, defendant Malik engaged in extensive contract talks with both plaintiff and defendant Ismail in or about January 2014. Defendants Malik and Ismail lived in Chicago at the time the contract was negotiated. Defendant Ismail flew to New York to convey the contract to plaintiff, and they both signed it. Defendant Ismail assured plaintiff that following defendant Malik's execution of the contract he (Ismail) would transmit a fully executed copy of the contract to plaintiff. Plaintiff did not receive the fully-executed contract, but all parties to the contract performed their respective obligations – except, of course – defendants failed to pay plaintiff the money owed under the contracts.

For the foregoing reasons, I respectfully submit defendants' submission of a Rule 12(b)(6) motion would be futile, and an utter waste of judicial resources.

---

[3] Upon information and belief, the source being the Illinois Division of Corporation's database, the third-party buyer is TCC Wireless Holdings LLC, a foreign corporation with its principal place of business in Keego Harbor, Michigan.

Hon. William H. Pauley III     3     May 6, 2015
S.D.N.Y.

Please contact the undersigned if you have any questions, or require additional information.

Respectfully yours,

Brendan Chao

BC/aa

cc:    Anthony Paduano, Esq.     **VIA ECF**
       PADUANO & WEINTRAUB LLP
       Attorneys for Defendants, TCC Holdco
       and Javed Malik

       Richard C. Schoenstein, Esq.     **VIA ECF**
       SATTERLEE STEPHENS BURKE & BURKE
       Attorneys for Defendant, TCC Wireless, Inc.