

DIRECT DIAL NUMBER:  
(917) 675-4252

Gregory Blue  
gblue@dilworthlaw.com

May 7, 2015

**VIA ECF AND REGULAR MAIL**

Hon. William H. Pauley III  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1920  
New York, NY  10007

      RE:    <u>Rosa v. TCC Communications, Inc. et al</u>.: 15-CV-1665 (WHP)

Dear Judge Pauley:

      This firm represents defendants TCC Communications, Inc. and Shaher Ismail ("Mr. Ismail") in this matter.  We are writing pursuant to Your Honor's Individual Rules of Practice to request a pre-motion conference in advance of an anticipated motion by TCC Communications, Inc. and Mr. Ismail to dismiss the Third, Fourth, Fifth and Sixth Causes of Action against them.

      The Third Cause of Action is for Breach of the Covenant of Good Faith and Fair Dealing.  That claim is based entirely on the same allegations underlying Plaintiff's Breach of Contract Claims (First and Second Causes of Action) and, therefore, is duplicative and should be dismissed.  *See e.g. ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243–44 (S.D.N.Y. 1997) ("[a] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract."); *Fleisher v. Phoenix Life Ins. Co*., 858 F. Supp. 2d 290, 299 (S.D.N.Y. 2012) (same).

      The Fourth Cause of Action is for a Declaratory Judgment.  We respectfully submit that the Court should exercise its discretion to decline to entertain this claim because it is superfluous and duplicative of Plaintiff's claim for Breach of Contract.  "Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action.  Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action." *Fleisher v. Phoenix Life Ins.*

*Co.*, 858 F. Supp. 2d at 302 (quoting *Sofi Classic S.A. de C.V. v. Hurowitz,* 444 F.Supp.2d 231, 249–50 (S.D.N.Y. 2006)). Thus, "[t]he declaratory judgment Plaintiff[] seek[s] would serve no 'useful purpose' in the overall context of this litigation," [*id*.], and should be dismissed.

The Sixth Cause of Action is for an alleged violation of the New York Labor Law for "failing to pay plaintiff wages for the services he rendered." [Am. Compl. ¶ 98] The Amended Complaint, however, is based entirely upon allegations that Plaintiff was a part owner of the business. *See e.g.* Am. Comp. ¶ 8 (alleging that the "Partnership Agreement" gave plaintiff a 25% interest in the retail store business of defendant TCC wireless and an 11% ownership interest in the sim-card business); ¶ 9 (alleging that Plaintiff was to receive 25% of the sale proceeds of the retail store business).

Based on those factual allegations, Plaintiff cannot state a claim under the New York Labor Law because Plaintiff was not an "employee" within the scope of the New York Labor Law. *See* N.Y. Labor Law § 190 (defining "Employee" as "any person employed for hire by an employer in any employment."). Moreover, Plaintiff alleges that he is entitled to a share of profits, which are not "wages" within the meaning of the Labor Law because it would be (if Plaintiff is entitled to it at all) incentive compensation based upon the overall success of the business rather than based upon his own personal productivity. *See Truelove v. Northeast Capital & Advisory*, 95 N.Y.2d 220, 223-24 (2000) (explaining that the Labor Law must be read "as excluding certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise"); *Guiry v Goldman, Sachs & Co*., 31 AD3d 70, 73-74 (1st Dep't 2006) (noting that equity-based compensation is not "wages" under the Labor Law). For these reasons, Plaintiff's Sixth Cause of Action fails to state a claim and should be dismissed.

The Seventh Cause of Action, for Tortious Interference with Business Relations, is brought against Mr. Ismail only. The nature of the alleged interference is described only as "interfere[nce] with plaintiff's relationships, negotiations and agreements with T-Mobile through the conduct described above." [Am. Compl. ¶ 98] None of the preceding paragraphs of the Amended Complaint, however, suggest any way in which Mr. Ismail interfered with such alleged relationships. Indeed, none of the preceding paragraphs make any allegation with respect to what "relationships, negotiations and agreements" Plaintiff may have had with T-Mobile. For this reason, the Seventh Cause of Action fails to state a claim and should be dismissed.

This action is currently scheduled for an Initial Pretrial Conference on May 21, 2015. We respectfully suggest that the Court conduct a pre-motion conference at the same time.

                                              Respectfully submitted,

                                              /s/ *Gregory A. Blue*

                                              Gregory A. Blue

cc:     All Counsel of Record (via ECF)