PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2015

April 30, 2015

**VIA ECF AND FIRST-CLASS MAIL**

The Honorable William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, New York 10007-1312

Application granted. The pre-motion conference will be held in conjuction with the 5/21/2015 initial pretrial conference.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.    5/12/2015

Re:   Rosa v. TCC Communications, Inc., et al.;
      Case No. 15-cv-01665 (WHP)(JCF)

Dear Judge Pauley:

We represent defendants TCC Holdco, Inc. ("TCC Holdco") and Javed Malik ("Malik") in the above-referenced action. Pursuant to the Court's Individual Practices, we write to request a pre-motion conference in connection with an anticipated motion by TCC Holdco and Malik to dismiss the First Amended Complaint (the "Complaint") as against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We received a letter yesterday from Richard C. Schoenstein, Esq., counsel for defendant TCC Wireless, Inc. ("TCC Wireless"), also requesting a pre-motion conference regarding an anticipated motion to dismiss by TCC Wireless.

Some of the background concerning this action is set forth in Mr. Schoenstein's letter, and is not repeated herein. The Complaint generally groups all three corporate defendants – TCC Communications, Inc., TCC Wireless and TCC Holdco – together and refers to them collectively throughout the Complaint as "TCC." However, there is no specific allegation of wrongdoing in the Complaint against TCC Holdco; TCC Holdco is only specifically referred to in the Complaint (¶¶ 4-6) when the parties are identified. There also is no specific allegation of wrongdoing in the Complaint against Malik, who is mentioned only a handful of times (Complaint ¶¶ 6, 35, 38-40).

Although the Complaint asserts a cause of action against TCC and defendant Shaher Ismail for breach of the Partnership Agreement (the First Cause

PADUANO & WEINTRAUB LLP

The Honorable William H. Pauley III
April 30, 2015
Page 2 of 3

of Action), the Partnership Agreement, which is attached as Exhibit 1 to the Complaint (Docket No. 3-1), conclusively demonstrates that TCC Holdco is not a party to such agreement, and the Complaint does not allege otherwise. Similarly, although the Complaint asserts a cause of action against all defendants for breach of the Subscription Agreement (the Second Cause of Action), the Subscription Agreement, which is attached as Exhibit 2 to the Complaint (Docket No. 3-2), conclusively demonstrates that TCC Holdco is not a party to such agreement, Malik never signed such agreement, and the Complaint does not allege otherwise (or that Malik orally or otherwise agreed to its terms).

The Complaint also purports to plead claims against all defendants for a declaratory judgment with respect to plaintiff's rights under the purported agreements (the Fourth Cause of Action). As is set forth above, because TCC Holdco and Malik are not sufficiently alleged to be parties to any of the agreements at issue in the action, there can be no basis for them to be parties to a declaratory judgment action with respect to such agreements.

The Complaint asserts a claim against Malik for breach of the covenant of good faith and fair dealing (the Third Cause of Action). Because the Complaint does not sufficiently allege that there is a contract between plaintiff and Malik, such claim as against Malik fails as a matter of law.

The Complaint also asserts a claim against TCC for failing to pay plaintiff wages for services rendered, purportedly in violation of New York Labor Law (the Sixth Cause of Action). Because the Complaint never alleges that TCC Holdco – an Illinois entity formed in late 2014 with no ties to or presence in New York -- employed plaintiff, or that plaintiff performed any services for TCC Holdco (separate and apart from the other corporate entities), such claim as against TCC Holdco must fail as a matter of law.

Finally, the Complaint asserts a claim for an accounting arising out of what we speculate is the business of TCC Wireless pursuant to the Partnership Agreement and the Subscription Agreement (the Seventh Cause of Action). However, because neither TCC Holdco nor Malik are parties to those agreements, there is no basis for them to be subjected to an accounting.

PADUANO & WEINTRAUB LLP

The Honorable William H. Pauley III
April 30, 2015
Page 3 of 3

Thus, we believe that TCC Holdco and Malik are not proper defendants to this action. Accordingly, TCC Holdco and Malik seek to move to dismiss all of the claims against them, and respectfully request a pre-motion conference.

Respectfully,

Anthony Paduano

cc: Brendan Chao, Esq. (by e-mail)
Gregory A. Blue, Esq. (by e-mail)
Richard C. Schoenstein, Esq. (by e-mail)