UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROSA,<br><br>　　　　*Plaintiff*,<br><br>- against -<br><br>TCC COMMUNICATIONS, INC., *et al.*<br><br>　　　　*Defendants*. | Case No. 15-CV-1665 (WHP) |

# Joint Rule 26(f) Report and
# Proposed Discovery Plan

Pursuant to Fed. R. Civ. P. 26 and this Court's Order for Initial Pretrial Conference, entered on March 30, 2015 [Dkt. No. 6], the parties, through their undersigned counsel, respectfully submit the following report:

### I.　**Rule 26(f) Conference:**

On May 14, 2015, counsel for the parties conferred by telephone regarding the subjects enumerated in Fed. R. Civ. P. 26(f) and discussed a proposed discovery plan.

### II.　**Discovery Plan:**

A.　Counsel for the parties have agreed to exchange initial disclosures under Fed. R. Civ. 26(a)(1) ("Initial Disclosures") within 15 days of entry of the Court's order(s) on the defendants' contemplated motions to dismiss.

B.　(i)　The parties have agreed that discovery will be needed on at least the following subjects:

    (a)    the existence, validity, and effect of the alleged agreements between and among the parties;

    (b)    Plaintiff's alleged contributions to the defendants' businesses;

    (c)    Payments made to the Plaintiff by any of the Defendants;

    (d)    Payments received by defendants from T-Mobile, including, but not limited to commission reports;

    (e)    The scope of authorized use of company funds and credit cards;

    (f)    Plaintiff's claimed damages; and

    (g)    Defendants' contemplated counterclaims;

In addition, Plaintiff contends that discovery is appropriate on the following subject matters:

    (h)    Defendants' financial records, including, but not limited to, QuickBooks files, and/or other methods used to record profits and losses, and/or the methods used to calculate and record the payments described in the disputed contracts; and

    (i)    Documents concerning the sale of TCC Wireless and TCC Holdco.

(ii)    The parties propose that fact discovery be complete within six (6) months of Court's order(s) on the defendants' motions to dismiss.

(iii)    Discovery should not be limited to particular issues, but should proceed as follows:

(1)    Parties will serve Initial Disclosures within fifteen (15) days of entry of the Court's order(s) on the defendants' motions to dismiss.

(2) Parties will serve initial written discovery demands and interrogatories within fifteen (15) days after service of the Initial Disclosures.

(3) Parties will begin producing documents and responses to interrogatories within thirty (30) days after service of written discovery demands and interrogatories.

(4) Depositions of fact witnesses will be complete no less than sixty (60) days before the end of fact discovery.

(5) All written discovery demands must be served no later than thirty (30) days before the end date for fact discovery.

(6) To the extent that the parties retain expert witnesses for their cases-in-chief, all expert witnesses shall be identified and a copy of each expert's report shall be provided, in accordance with Fed. R. Civ. P. 26(a)(2) within thirty (30) days after the conclusion of fact discovery. All rebuttal experts shall be identified and a copy of their reports shall be provided within ninety (90) days after the conclusion of fact discovery. Any deposition of expert witnesses shall be conducted one hundred twenty (120) days after the conclusion of fact discovery.

C. Some discovery of electronically stored information will be needed and the parties have agreed to work together in formulating a plan on conducting discovery of the same amongst themselves. The parties have further agreed that they will initially produce documents in electronic PDF format (rather than native format), but reserve all rights to later request native format documents in the event that the PDF documents reveal that disclosure of metadata is necessary in this action. If any formal agreement is reached concerning the discovery of

3

electronically stored information, and to the extent deemed necessary by the parties, the parties will submit a consent order for the Court's approval.

        D.        The parties agree that attorney-client communications and documents and information considered "attorney work product" or "trial preparation material" shall not be required to be produced.  The parties do not envision any unique privilege-related issues at this time, but have agreed to work together in resolving any such issues before seeking any relief from the Court.  The parties believe the procedure outlined in Fed. R. Civ. P. 26(b)(5)(B) are sufficient to address any issues of inadvertent disclosure.

        E.        The parties do not at this time request any modification to the limitations on discovery imposed by the Federal Rules of Civil Procedure, but reserve the right to request such modification in the future if circumstances warrant.

        F.        The parties respectfully request that discovery be stayed until entry of the Court's decision(s) on the defendants' contemplated motions to dismiss on the ground that the Court's decisions on those motions will determine the parties to the action as well as the scope of Plaintiff's claims.  In addition, at least some defendants contemplate that their answers would include counterclaims and such counterclaims are likely to be the subject of discovery as well.  Therefore, in order to avoid unnecessary or duplicative discovery, the parties respectfully submit that discovery should be stayed.

**III.   Settlement:**

The parties agree that settlement cannot be evaluated at the present time, by may be appropriate after disclosure and review of documents that will be identified in the Initial Disclosures.

Dated: May 14, 2015

| | |
|---|---|
| BRENDAN CHAO | DILWORTH PAXSON LLP |
| By: /s/ Brendan Chao<br>     Brendan Chao<br>50 Merrick Road<br>Rockville Centre, NY  11570<br>(516) 466-2033<br>Fax: (516) 466-2007<br>Email: bchao@bchaolaw.com | By: /s/ Gregory A. Blue<br>     Gregory A. Blue<br>99 Park Avenue Suite 320<br>New York, NY 10016<br>(917)-675-4252<br>Fax: (212) 208-6874<br>Email: gblue@dilworthlaw.com |
| *Attorneys for Plaintiff Joseph Rosa* | *Attorneys for Defendants TCC Communications, Inc. and Shaher Ismail* |
| PADUANO & WEINTRAUB LLP | SATTERLEE STEPHENS BURKE & BURKE LLP |
| By: /s/ Anthony Paduano<br>     Anthony Paduano<br>     Leonard Weintraub<br>     Willard R. Knox<br>1251 Avenue of the Americas<br>New York, NY 10020<br>212-785-9100<br>Fax: 212-785-9099<br>Email: ap@pwlawyers.com | By: /s/ Richard Carl Schoenstein<br>     Richard Carl Schoenstein<br>230 Park Avenue<br>New York, NY 10169<br>(212) 818-9200<br>Fax: (212) 818-9606<br>Email: rschoenstein@ssbb.com |
| *Attorneys for Defendants Javed Malik and TCC Holdco, Inc.* | *Attorneys for Defendant TCC Wireless, Inc.* |

118183754_4