# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

May 14, 2015

**VIA MAIL AND ECF**

Hon. William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, N.Y. 10007-1312

      Re:    Joseph Rosa v. TCC Communications, Inc. et al.
               <u>Civil Case No. 15-CV-1665</u>

Dear Judge Pauley:

      This office represents the plaintiff in the above matter. Defendants TCC Communications and Shaher Ismail seek dismissal of the Third, Fourth, Fifth, and Sixth Causes of Action contained in the First Amended Complaint. I write in opposition to this request.

      The Breach of Covenant of Good Faith and Fair Dealing claim (Third Cause of Action) may be read to include defendants' failure to provide the financial records to enable plaintiff to determine the amounts owed to him under the agreements. While the Third Cause of Action does describe an array of misconduct by defendants, plaintiff can, and respectfully requests permission to, amend the complaint to establish defendants' failure to disclose the relevant financial documents as the predicate for the Breach of Covenant of Good Faith and Fair Dealing claim. This assertion, while relevant to the overall claim for breach of contract, is a distinct omission on defendants' part than their failing to pay plaintiff under the agreements.

      Regarding plaintiff's Declaratory Judgment claim (Fourth Cause of Action), plaintiff respectfully defers to the Court's discretion in deciding whether to entertain it. <u>Dow Jones & Co. v. Harrods Ltd.</u>, 346 F.3d 357, 359–60 (2d Cir. 2003).

As to plaintiff's Tortious Interference with Business Relations claim (Fifth Cause of Action), a valid and enforceable contact exists between defendants and T-Mobile. As a shareholder in the entity that contracted with T-Mobile, plaintiff had a business relationship with T-Mobile. Defendants interfered with that business relationship in that they removed plaintiff's access to his email account, so that he was unable to communicate with T-Mobile. Upon information and belief, defendants have communicated with T-Mobile, and other parties, and explained plaintiff's absence from his post. Upon further information and belief, defendants' "explanation" of plaintiff's absence may rise to defamation, and, or slander as defendants have accused plaintiff of theft. By their actions, defendants acted for a wrongful purpose, or used dishonest, unfair, or improper means in doing so, which acts injured the plaintiff's business relationships. Scutti Enterprises, LLC v. Park Place Entertainment Corp., 322 F.3d 211, 215 (2d Cir. 2003). Some of the facts underlying this cause of action were revealed after the filing of the First Amended Complaint. Plaintiff respectfully requests permission to amend the First Amended Complaint to the extent necessary to further corroborate this cause of action if necessary.

Regarding plaintiff's New York Labor Law claim (Sixth Cause of Action), Section 190(1) of Labor Law defines wages as "…the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term 'wages' also includes benefits or wage supplements…." Under the relevant agreement, plaintiff was to be paid a salary, and receive a percentage of net profits. The net profits were determined after various expenses, including plaintiff's salary, were calculated.

Additionally, in 2015 defendant Ismail transmitted to plaintiff an IRS form W2 and 1099 for income received by plaintiff from defendants. Plaintiff submits that his income was reported in this manner to represent both his salary and profit sharing in 2014. Defendants' reliance on both Truelove and Guiry is misplaced. The Truelove case was based upon unpaid bonuses, which is not what the instant case is about. The plain language of the contract in dispute in this case describes defendants' obligation to pay plaintiff a share of the profits and his salary. Similarly, the Guiry case is distinguishable in that the plaintiff in that case was seeking to recover deferred compensation that was in the form of restricted shares of company stock and options. Here, plaintiff is seeking, among other things, the payment of his salary.

Please contact the undersigned if you have any questions, or require additional information.

Respectfully yours,

Brendan Chao

BC/aa

Hon. William H. Pauley III                3                May 14, 2015
S.D.N.Y.

cc:     Gregory A. Blue, Esq.          **VIA ECF**
       DILWORTH PAXSON
       Attorneys for Defendants, TCC Communications
       and Shaher Ismail